1 | **SEYFARTH SHAW LLP**
Christian J. Rowley (SBN 187293)
2 | *crowley@seyfarth.com*
560 Mission Street, Suite 3100
3 | San Francisco, California 94105
Telephone: (415) 397-2823
4 | Facsimile: (415) 397-8549

5 | **SEYFARTH SHAW LLP**
Jill A. Porcaro (SBN 190412)
6 | *jporcaro@seyfarth.com*
Candace S. Bertoldi (SBN 254725)
7 | *Email: cbertoldi@seyfarth.com*
333 South Hope Street, Suite 3900
8 | Los Angeles, California 90071-1406
Telephone:  (213) 270-9600
9 | Facsimile:  (213) 270-9601

10 | Attorneys for Defendant
WELLS FARGO BANK, NA
11 | (erroneously sued as Wells Fargo Bank)

FILED
CLERK, U.S. DISTRICT COURT

FEB 1 7 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

12 | **UNITED STATES DISTRICT COURT**

13 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

14 |

15 | RAYMOND RAY, a individual and on behalf of all others similarly situated,

16 |

17 | Plaintiff,

18 |

19 | vs.

20 | WELLS FARGO BANK and DOES 1 through 50 Inclusive,

21 |

22 | Defendants.

CASE NO. CV11- 01477 AHM (JC)

**CLASS ACTION**

**DEFENDANT'S NOTICE OF REMOVAL**

**[CLASS ACTION FAIRNESS ACT OF 2005, 28 U.S.C. §§ 1332 AND 1348]**

*[Filed concurrently with Civil Cover Sheet, Certification and Notice of Interested Parties; Disclosure Statement; Notice of Related Cases]*

[LASC Case No.:  BC 452740]

Complaint Filed:  01/07/11

23 |
24 |
25 |
26 |
27 |
28 |

13112543v.2

TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Wells Fargo Bank, NA ("WFB" and/or "Defendant") (erroneously sued as "Wells Fargo Bank") hereby removes the above-referenced action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction under 28 U.S.C. §§ 1332(d)(2) and 1348, and states that this Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005 ("CAFA") for the following reasons.

## BACKGROUND

1.     On or about January 7, 2011, Plaintiff Raymond Ray ("Plaintiff") filed a complaint against WFB in the Superior Court of the State of California for the County of Los Angeles, captioned *Raymond Ray, an individual and on behalf of all others similarly situated v. Wells Fargo Bank and DOES 1 through 50 Inclusive*, Case Number BC 45274 (the "Complaint"). A true and correct copy of the Complaint and Notice of Case Assignment in this action are attached hereto as Exhibit A. A true and correct copy of the Summons in this action is attached hereto as Exhibit B.

2.     The Complaint purports to assert three claims for relief stemming from Plaintiff's employment with WFB and WFB's alleged failure to comply with (as to Plaintiff and a purported class of similarly situated individuals)[1] the requirements set forth in California Labor Code §§ 226.7 and 512 (failure to provide meal and rest breaks), §§ 1194 and 500 *et seq.* (failure to pay overtime compensation), §§ 226, 1174 & 1175 (failure to provide accurate wage statements

---

[1] Defendant disputes, and reserves the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action.

DEFENDANT'S NOTICE OF REMOVAL

13112543v.2

1    and maintain required records), § 1197 (failure to pay minimum wage), §§ 201-203

2    (failure to pay wages upon termination), and Business & Professions Code

3    §§ 17200, *et seq*. (unfair competition).

4          3.    Plaintiff has filed this action as a putative class action.  Plaintiff seeks

5    to represent: "All California based Branch Managers who worked at any time

6    during the four years preceding the filing of this Complaint up until the date of

7    class certification for Defendants in the State of California."[2]

8          4.    On or about February 14, 2011, counsel for WFB received Notice of

9    Case Management Conference from the Superior Court.  The Notice of Case

10   Management Conference is attached hereto as Exhibit C.

11         5.    On or about February 16, 2011, WFB filed its Answer to the

12   Complaint in the Superior Court, County of Los Angeles.  A true and correct copy

13   of WFB's Answer to the Complaint, which was served on Plaintiff on February 16,

14   2011, is attached hereto as Exhibit D.

15                        **TIMELINESS OF REMOVAL**

16         6.    WFB was served with the Summons and Complaint on January 19,

17   2011.  Thus, this Notice of Removal is timely as it is filed within thirty (30) days

18   of service on WFB of the Summons and Complaint that revealed that this case was

19   properly removable.  28 U.S.C. § 1446(b).  *Murphy Bros., Inc. v. Michetti Pipe*

20   *Stringing, Inc.*, 526 U.S. 344, 354 (1999).

21            **ORIGINAL JURISDICTION – CLASS ACTION FAIRNESS ACT**

22         7.    The Court has original jurisdiction of this action under CAFA,

23   codified in relevant part in 28 U.S.C. § 1332(d)(2).  As set forth below, this action

24   is properly removable, pursuant to the provisions of 28 U.S.C. §§ 1441(a) and

25   1348, as the action (i) involves 100 or more putative class members; (ii) the

26   amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (iii)

27

28   [2] Complaint ¶ 12.

DEFENDANT'S NOTICE OF REMOVAL

13112543v.2

1   at least one member of the putative class is a citizen of a state different from that of

2   at least one defendant.

### DIVERSE CITIZENSHIP OF THE PARTIES

**Plaintiff Is A Citizen of California**

8.    **Plaintiff's Citizenship.**  The Plaintiff was at the time this action commenced and, based on information and belief, still is, a resident and citizen of the State of California.  Residence is *prima facie* evidence of domicile.  *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

**Defendant WFB Is Not A Citizen of California**

9.    **Defendant WFB's Citizenship.**  WFB is a federally chartered national banking association that is organized and exists under the National Banking Act, with its main office (as identified in its articles of association) in South Dakota.[3]  Thus, under 28 U.S.C. § 1332, Defendant is not a citizen of California, and is only a citizen of South Dakota.  See 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) ("we hold that a national bank, for Section 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located"); *Wells Fargo Bank, N.A. v. WMR e-Pin, LLC, et.al.*, 2008 WL 5429134, *1 (unpub. op.) (D. Minn. 2008) (holding under the Supreme Court's Wachovia Bank case that Wells Fargo Bank, N.A., as a national bank, is only a citizen of South Dakota and is not a citizen of California).

10.    **Doe Defendants.**  Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not

---

[3] *See attached hereto,* Declaration of Robert McDaniel ("McDaniel Dec."), ¶ 3.

13112543v.2

1  required to join in a removal petition).  Thus, the existence of Doe Defendants one

2  through fifty, inclusive, does not deprive this Court of jurisdiction.

3  <u>**AMOUNT IN CONTROVERSY**</u>

4       11.    The claims of the individual members in a class action are aggregated

5  to determine if the amount in controversy exceeds the sum or value of $5,000,000.

6  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to

7  be appropriate under CAFA "if the value of the matter in litigation exceeds

8  $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the

9  defendant, and regardless of the type of relief sought (e.g., damages, injunctive

10 relief, or declaratory relief)."  Senate Judiciary Committee Report, S. REP. 109-14,

11 at 42.  Moreover, the Senate Judiciary Committee's Report on the final version of

12 CAFA makes clear that any doubts regarding the maintenance of interstate class

13 actions in state or federal court should be resolved in favor of federal jurisdiction.

14 S. REP. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all

15 matters in controversy' in a purported class action 'do not in the aggregate exceed

16 the sum or value of $5,000,000, the court should err in favor of exercising

17 jurisdiction over the case....'  Overall, new section 1332(d) is intended to expand

18 substantially federal court jurisdiction over class actions.  Its provisions should be

19 read broadly, with a strong preference that interstate class actions should be heard

20 in a federal court if properly removed by any defendant.").

21      12.    When the amount in controversy is not apparent from the face of the

22 Complaint, a defendant may state underlying facts supporting its assertion that the

23 amount controversy exceeds the jurisdictional threshold.  *Gaus v. Miles, Inc.,* 980

24 F.2d 564, 566-67 (9th Cir. 1992).  The court may also consider facts in the removal

25 petition, and may 'require parties to submit summary-judgment type evidence

26 relevant to the amount in controversy at the time of removal.'"  *Id.* at 377; *See also*

27 *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).  Affidavits can

28

13112543v.2

1    establish particular elements of damages. *Zacharia v. Harbor Island Spa, Inc.*, 684

2    F.2d 199, 202 (2d Cir. 1982).

3          13.    Even if the affirmatively pled damages are claimed to be less than

4    $5,000,000, removal may be upheld where the plaintiff's own compensatory

5    damages claims, along with attorneys fees, multiplied by the number of class

6    members, shows to a legal certainty that the amount in controversy exceeds

7    $5,000,000.[4] *Frederico v. Home Depot,* 507 F.3d 188, 195-97 (3rd Cir. 2007)

8    (where plaintiff expressly limits her claim below the jurisdictional amount, "the

9    proponent of jurisdiction must show, to a legal certainty, that the amount

10   controversy exceeds the statutory threshold"; multiplying named plaintiff's

11   damages by number of putative class members to determine that amount in

12   controversy exceeded $5,000,000); *see also Lowermilk v. U.S. Bank National

13   Ass'n,* 479 F.3d 994 (9th Cir. 2007).

14         14.    Under this approach, and assuming *arguendo* that Plaintiff obtains

15   class certification (which Defendant believes he will not), the alleged amount in

16   controversy in this class action exceeds, in the aggregate, $5,000,000 to a legal

17   certainty.  The Complaint alleges a putative class that consists of all store

18   managers employed in the state of California during the last four years preceding

19   the filing of the Complaint through the present.   During the relevant statutory

20   period, WFB employed at least 656 store managers in California.[5]

21         15.    Of those 656 plus store managers, approximately 79 store managers

22   were continuously employed as store managers in California during the entire 4-

23   year putative class period preceding the filing of the Complaint through January 7,

24   2011.[6]  Approximately 154 of the WFB store managers have been continuously

---

25   [4]   In this case, Plaintiff's allegation on information and belief that the amount in
26   controversy does not exceed $5,000,000, is plainly unsupported by a simple
     application of the relevant data to the allegations Plaintiff makes in the Complaint.
27   Irrespective of the fact that Defendant denies any and all such liability, Plaintiff
     alleges that such liability exists and that the class incurred such damages.
28   [5] *See* McDaniel Dec., ¶ 6.
     [6] *Id.*

6

13112543v.2

1    employed by WFB as store managers in California during the period of January 7,

2    2008, through January 7, 2011.[7]  Approximately 332 of the WFB store managers

3    have been continuously employed by WFB as store managers in California during

4    the period of January 7, 2010, through January 7, 2011.[8]  Approximately 356 WFB

5    store managers employed in California either resigned, retired, or were terminated

6    during the period of January 7, 2008, through December 7, 2010.[9]

7        16.    The Complaint seeks to recover for alleged unpaid wages for failure

8    to provide meal and rest periods and for failure to pay overtime wages, penalties,

9    injunctive relief, restitution and disgorgement of all sums obtained through alleged

10   unfair business practices, and attorneys' fees and costs.[10]  Plaintiff specifically

11   seeks restitution for all wages and other monies allegedly withheld from him (and

12   other store managers) based on a purported failure to provide them with overtime

13   and meal and rest periods.[11]  Plaintiff's overtime claim extends back four years

14   from the filing of the Complaint, and his meal and rest break claims extend back

15   three years from the filing of the Complaint.[12]  Plaintiff alleges no cap on the

16   amount of damages he is seeking pursuant to his individual and class claims.[13]  As

17   set forth below, in light of the Plaintiff's class-wide allegations, the amount in

18   controversy easily exceeds $5,000,000.

19      **All calculations supporting the amount in controversy are based on the**

20   **Complaint's allegations (along with other documents as identified herein),**

21

22

_____

[7] *Id.*
[8] *Id.*
[9] *See* McDaniel Dec., ¶ 7.
[10] Complaint ¶¶ 11, 12d, 27, 28, 32; Prayer for Relief, pp. 15-16 (parts 1-6).
[11] Complaint, Prayer for Relief, pp. 15-16 (parts 2b, 3a, 3c).
[12] The statute of limitations for Plaintiff's overtime claim is based on the four-year statute of limitations period adopted by California's "unfair competition law," codified as Business and Professions Code § 17200 et seq.  The unfair competition law "borrows" violations of other laws and makes those unlawful practices actionable under the unfair competition law.  *Lazar v. Hertz Corp.*, 69 Cal. App. 4th 1494, 1505 (1999).
[13] Complaint ¶¶ 12a-12d; Prayer for Relief, pp. 15-16 (parts 1-6).

7

13112543v.2

1  **assuming, without any admission, the truth of the facts alleged and assuming**

2  **liability is established.**

3      17.    **Unpaid Meal/Rest Break Compensation.**  Plaintiff seeks recovery

4  on behalf of himself and the putative class members for alleged (1) failure to

5  provide meal periods, and (2) failure to provide rest breaks.  Pursuant to California

6  Labor Code § 226.7, the money owed for a meal period or rest break that is not

7  provided as required by the applicable California Wage Order is one hour of an

8  aggrieved employee's pay for each day that a meal period is not provided and one

9  hour of pay per day for each day that a rest break is not provided.   Based on the

10  allegations that Plaintiff and members of the putative class were "systematically"

11  deprived of state-mandated meal and rest breaks during the class period[14] and then

12  assuming only one violation per week (meal or rest) during a three-year period, the

13  total amount in controversy based on these claims alone would be (154 store

14  managers continuously employed throughout the 3-year class period preceding the

15  filing of the Complaint — January 7, 2008 through January 7, 2011) × (3 years of

16  class period) × (50 workweeks/year ) × ($34.28 median hourly rate of the putative

17  class members during the putative class period[15]) = **$791,868.**[16]

18      18.    **Overtime Compensation.**  Plaintiff separately alleges that he and

19  putative class members were misclassified as exempt from California's overtime

20  requirement and were regularly scheduled as to work and in fact worked in excess

21  of eight hours per workday and/or in excess of forty hours per workweek without

22  receiving overtime compensation.[17]  Plaintiff specifically alleges that Defendant

23  has a "regular business custom and practice of requiring *substantial* overtime

---

24

25  [14] Complaint ¶ 3.

   [15]   The median annual salary of current store managers is $71,302.56.   *See*

26  McDaniel Dec., ¶ 8.  Plaintiff earns an annual salary of $73,000.  Taking the
   median annual salary figure of $71,302.56, the median hourly rate for store

27  managers employed in California is $34.28 (the quotient of $71,302.56 divided by
   52 weeks per year divided by 40 hours per week).

28  [16] *See* McDaniel Dec., ¶¶ 6, 8.
   [17] Complaint ¶ 11.

DEFENDANT'S NOTICE OF REMOVAL

13112543v.2

1   work,"[18] that "[s]tatistically, *one hundred percent of* the class members were paid
2   on a salary basis with no overtime compensation,"[19] and that he and members of
3   the putative class *"routinely"* work in excess of forty hours per week and/or eight
4   hours per day.[20]  (Emphases added).

5         19.    Taking into account, Plaintiff's class wide allegations that WFB
6   routinely required all bank branch managers to work substantial overtime, and
7   using a conservative estimate of one hour of alleged unpaid overtime compensation
8   per week, the amount in controversy based on this claim would be the sum of (79
9   store managers continuously employed throughout the 4-year class period
10   preceding the filing of the Complaint — from January 7, 2007 through January 7,
11   2011) × (4 years of class period) × (50 workweeks/year) × (one overtime hour per
12   week) × ($34.28 median hourly rate for store managers) × (1.5 overtime premium
13   multiplier) = **$812,436.00**.[21]

14         20.    **Waiting-Time Penalties.**  Plaintiff also seeks to recover penalties for
15   alleged violations of California Labor Code § 203, for failure to pay former
16   employees all wages due and payable at the time of termination of employment.
17   If Plaintiff prevails on this claim on a class-wide basis, each class member whose
18   employment was terminated during the class period could be entitled to up to 30
19   days' wages.  From January 7, 2008 through December 7, 2010, 356 store
20   managers in California have quit, retired, or been terminated.[22]  Assuming that
21   these store managers who quit, retired, or were terminated would be entitled to
22   eight hours of pay for 30 days in penalties, then potential exposure for the waiting
23   time penalties amounts to ($34.28 median hourly rate for store managers) × (8

24

25

---

26   [18] Complaint ¶ 14.
27   [19] Complaint ¶ 12a.
     [20] Complaint ¶ 12c.
28   [21] *See* McDaniel Dec., ¶ 6.
     [22] *See* McDaniel Dec., ¶ 7.

DEFENDANT'S NOTICE OF REMOVAL

13112543v.2

1    hours per day) × (30 days) × (356 store managers who quit, retired, or were

2    terminated) = **$2,928,883.20**.[23]

3        21.    **Wage Statement Penalties.**    Plaintiff also seeks to recover penalties

4    on behalf of himself and the putative class members for alleged violations of

5    California Labor Code § 226, for failure to provide accurate wage statements that

6    comply with the requirements of California law. The statute of limitations for

7    recovery of penalties under Labor Code §226 is one year. Cal. Civ. Proc. Code

8    §340(a).

9        22.    Courts have assumed a 100% violation rate in calculating the amount

10    in controversy for removal purposes when the complaint does not allege a more

11    precise calculation. See, *e.g., Coleman v. Estes Express Lines, Inc.,* 2010 U.S.

12    Dist. LEXIS 79772 at *18-19 (C.D. Cal. 2010) ("Plaintiff included no limitation on

13    the number of violations, and, taking his complaint as true, Defendants could

14    properly calculate the amount in controversy based on a 100% violation rate");

15    *Muniz v. Pilot Travel Centers LLC,* 2007 U.S. Dist. LEXIS 31515 at *11-13 (E.D.

16    Cal. 2007) (concluding that plaintiff was the "master of [her] claims, and if she

17    wanted to avoid removal, she could have alleged facts specific to her claims which

18    would narrow the scope of the putative class or the damages sought." *Id.* at 13).

19        23.    Based on Cal. Labor Code §226(e), which provides that damages are

20    the greater of all actual damages or $50 for the first violation and $100 for every

21    violation thereafter, per employee, up to $4,000. Should Plaintiff prevail on this

22    claim on a class-wide basis, each class member could be entitled to penalties of up

23    to a statutory maximum of $4,000. Thus, the total potential amount in controversy

24    regarding these penalties would be (($4,000 maximum statutory penalty) × (332

25    store managers continuously employed throughout the 1-year class period

26

27

28    [23] *See* McDaniel Dec., ¶ 7, 8.

13112543v.2

1   preceding the filing of the Complaint — from January 7, 2010 through January 7,

2   2011)) = **$1,328,000.**[24]

3       24.   Thus the total amount in controversy based on the allegations

4   concerning unpaid overtime wages, unpaid meal and rest break premiums, and

5   waiting time penalties alone, using these conservative estimates, is at least

6   **$5,861,187.20** well exceeding the jurisdictional threshold of $5,000,000.

7       25.   **Attorneys' Fees:** The Complaint also alleges that putative class

8   members are entitled to recover attorneys' fees.   Requests for attorneys' fees must

9   be taken into account in ascertaining the amount in controversy. *Galt G/S v. JSS*

10   *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys'

11   fees are to be included in amount in controversy, regardless of whether award is

12   discretionary or mandatory). Attorneys' fees may be awarded based on the

13   lodestar method (calculated by applying counsel's hourly rates to the time spent

14   and a risk multiplier where appropriate). *Staton v. Boeing Co.*, 327 F. 3d 938, 968

15   (9th Cir. 2003).   Alternatively, the court may simply award counsel a percentage of

16   the fund recovered. *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1029 (9th Cir.

17   1998).  The Ninth Circuit has established a benchmark of 25% of the recovery,

18   which may be adjusted or replaced by a lodestar calculation "when specific

19   circumstances indicate that the percentage recovery would be either too small or

20   too large in light of the hours devoted to the case or other relevant factors." *Six (6)*

21   *Mexican Workers v. Arizona Citrus Growers*, 904 F. 2d 1301, 1311 (9th Cir.

22   1990); *see also Muniz v. Pilot Travel Centers, LLC*, 2007 WL 1302504 * 4, fn 8

23   (E.D. Cal. May 1, 2007) (in California, where wage and hour class actions have

24   settled prior to trial an attorneys' fee award is typically 25% of their own damages

25   award).  Given the allegations contained on the face of Plaintiff's Complaint, an

26   award of attorney's fees equal to 25% of the total alleged damages would equal

27   **$1,465,296.80** ((.25) × ($5,861,187)).

28   ―――――――――――――
[24] *See* McDaniel Dec., ¶ 7, 8.

DEFENDANT'S NOTICE OF REMOVAL

13112543v.2

26.   Thus, although Defendant denies Plaintiff's allegations or that Plaintiff, or the putative class that he purports to represent, is entitled to the relief for which he has prayed, based on Plaintiff's allegations and prayer for relief, as a matter of legal certainty the amount in controversy is **$7,326,484.00.**  This amount clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).

27.   Because diversity of citizenship exists – Plaintiff being a citizen of the state of California and WFB being a citizen of the state of South Dakota—and because the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. sections 1332(d)(2) and 1338.  This action is therefore a proper one for removal to this Court.

## VENUE

28.   Venue lies in this Court pursuant to 28 U.S.C. § 1391.  This action originally was brought in the Superior Court of the State of California, County of Los Angeles, and Plaintiff resided in the County of Los Angeles at the time the Complaint was filed.

## NOTICE OF REMOVAL

29.   A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California for the County of San Diego, as required under 28 U.S.C. § 1446(d).  In compliance with 28 U.S.C. § 1446(a), Defendant has attached herein a copy of the state-court papers served on Defendant or by Defendant to date—the Complaint and Notice of Case Assignment (Exhibit A), Summons, (Exhibit B), Notice of Case Management Conference (Exhibit C) and WFB's Answer (Exhibit D).

## NO JOINDER REQUIRED

30.   Defendant has not secured the consent of the unnamed "DOE" Defendant before removing this action because Defendant does not know the identity of the unnamed "DOE" Defendants and has no reason to believe that any

12

13112543v.2

1 | of them have been properly served or have voluntarily appeared in this action.

2 | However, pursuant to CAFA, Defendant need not obtain the consent of any other

3 | defendant to remove this action.  28 U.S.C. § 1453(b); *see also Emrich v. Touche*

4 | *Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (unknown defendants need not join

5 | in removal).  Further, under CAFA, WFB may remove the entire lawsuit without

6 | the joinder of any other defendants.  *Abrego Abrego v. The Dow Chemical Co.*,

7 | 443 F.3d 676, 681 (9th Cir. 2006) (any defendant may remove a class action

8 | without the consent or joinder of any other defendants); *United Steel, Paper &*

9 | *Forestry, Rubber Manufacturing Energy, Allied Industrial & Service Workers*

10 | *International Union, AFL-CIO, CLC v. Shell Oil Co.*, 549 F.3d 1204, 1208-09 (9th

11 | Cir. 2008) (under CAFA, one defendant may remove entire case without joinder of

12 | other defendants).

13 |     WHEREFORE, WFB prays that the above action pending before the

14 | Superior Court of the State of California for the County of Los Angeles be

15 | removed to the United States District Court for the Central District of California.

Dated: February 17, 2011                    Respectfully submitted,

**SEYFARTH SHAW LLP**

By _____
    Christian J. Rowley
    Jill A. Porcaro
    Candace S. Bertoldi
    Attorneys for Defendant
    WELLS FARGO BANK, NA
    (erroneously sued as Wells Fargo Bank)

13

13112543v.2

# EXHIBIT A

MATTHEW RIGHETTI, ESQ.      {121012}
JOHN GLUGOSKI, ESQ.      {191551}
RIGHETTI · GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA  94104
Telephone:      (415) 983-0900
Facsimile:      (415) 397-9005

Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 07 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Shumya Wesley

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| RAYMOND RAY, an individual and on behalf of all others similarly situated, | NO.   BC 452740 |
| Plaintiff, | CLASS ACTION |
| vs. | COMPLAINT |
| WELLS FARGO BANK and DOES 1 through 50 inclusive, | 1.  Violation of Labor Code; 2.  Violation of B & P § 17200, et seq; 4.  Failure to Make Payments Within the Required Time |
| Defendants. | |

1

## FIRST CAUSE OF ACTION

COMES NOW, Plaintiff, Raymond Ray (hereinafter "Plaintiff") an individual over the age of eighteen (18), and brings this challenge to Defendants' lucrative, repressive and unlawful business practices on behalf of himself and a class of all others similarly situated and for a Cause of Action against Defendants, WELLS FARGO BANK and DOES 1-50, inclusive, (hereinafter Defendants) and each of them, alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

### 1.

This class action is brought pursuant to §382 of the California Code of Civil Procedure. The claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more. The total damages for the entire case does not exceed $5,000,000.00. In addition, there is no federal question at issue, as all the issues related to payment wages alleged herein are based solely on California law and statutes, including the Labor Code, Civil Code, Code of Civil Procedure, and Business and Professions Code.

### 2.

Plaintiff was employed in California as a Branch Manager and has worked for Defendants within four years prior to the filing of this Complaint.

### 3.

Plaintiff brings this action against Defendants for engaging in a uniform policy and systematic scheme of wage abuse against their salary paid employees in California. This scheme involved, inter alia, misclassifying the Branch Managers as "exempt" managerial/executive

COMPLAINT
[CLASS ACTION]

employees for purposes of the payment of overtime compensation when, in fact, they were "non-exempt" non-managerial employees according to California law. Further, Defendants denied the Branch Managers mandated meal and rest breaks under California law. As a result of Defendant's systematic and clandestine scheme the salaried branch managers throughout California were not paid all wages owed and were deprived of mandated meal periods and rest breaks. Accordingly, Defendants have violated California common and statutory laws as described more particularly below.

4.

Defendants own/owned and operate/operated an industry, business and establishment within the State of California, including Los Angeles County, for the purpose of operating consumer/business banking branches, including making and collecting on loans to customers under the name of WELLS FARGO BANK. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to California Labor Code Sections 1194, et seq., 500, et seq., California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission. At least some of the acts complained of herein occurred in Los Angeles County as Defendants do business in the Los Angeles County area. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants are and were corporations licensed to do business and actually doing business in the State of California.

5.

At all times herein mentioned Plaintiff and the class identified herein worked for Defendants as Branch Managers at WELLS FARGO BANK. These positions are not positions, which involve work falling within any exception to the above-referenced Labor Code sections, the

3

Unfair Practices Act and/or California Industrial Welfare Commission orders applicable to Defendants' business.

### 6.

Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

### 7.

At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

### 8.

At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

### 9.

At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

COMPLAINT
[CLASS ACTION]

**10.**

At all times herein mentioned, Defendants, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged. Further, at all times mentioned herein, the wage and hour related compensation policies of Defendants' branches in California are and were dictated by, controlled by, and ratified by the Defendants herein and each of them.

**FACTUAL ALLEGATIONS**

**11.**

Plaintiff and all members of the class identified herein were regularly scheduled as a matter of uniform company policy to work and in fact worked as Branch Managers in excess of eight hours per workday and/or in excess of forty hours per workweek without receiving straight time or overtime compensation for such overtime hours worked in violation of California Labor Code Section 1194 and the applicable California Industrial Welfare Commission wage order(s). Plaintiff and the other members of the class were improperly and illegally mis-classified by Defendants as "exempt" managerial employees when, in fact, they were "non-exempt" non-managerial employees according to California law. Plaintiff and the other members of the class have the right to be compensated by Defendants at the appropriate compensatory wage rate for said work heretofore performed, consisting of the straight time rate plus the appropriate overtime premium as mandated by California law. Furthermore, Defendants failed to provide the Plaintiff and class members the required rest and meal periods during the relevant time period as required under the IWC Wage Orders and thus are entitled to any and all applicable penalties.

///

COMPLAINT
[CLASS ACTION]

**12.**

This complaint is brought by Plaintiff pursuant to California Code of Civil Procedure section 382 on behalf of a class. All claims alleged herein arise under California law for which Plaintiff seeks relief authorized under California law. The class is comprised of, and defined as:

> All California based Branch Managers who worked at any time during the four years preceding the filing of this Complaint up until the date of class certification for Defendants in the State of California.

The members of the class are so numerous that joinder of all members would be impractical, if not impossible. The members of the class are readily ascertainable by a review of Defendants' records. Further, the subject matter of this action both as to factual matters and as to matters of law, are such that there are questions of law and fact common to the class which predominate over questions affecting only individual members including, among other things, the following:

a.     Statistically, one hundred percent of the class members were paid on a salary basis with no overtime compensation paid for work accomplished in excess of forty hours per week, or eight hours per day. Plaintiff is informed and believes and based thereon alleges that all class members failed to meet the exemption requirements of California law. Thus, Plaintiff and the class members were not exempt from the overtime requirements of California law for that reason;

b.     Defendants uniformly administered a corporate policy concerning both staffing levels at their branches and duties and responsibilities of the class members, which brought them outside of any of the applicable exemption for overtime under California law.

c.     The duties and responsibilities of the Branch Managers at the Defendants' branch locations were virtually identical from region to region, district to district, employee to employee. Further, any variations in job activities between the different individuals in these positions are legally insignificant to the issues presented by this action since the central facts remain, to wit: whether the factors for overtime exemption were met. Further, these employees did not regularly

COMPLAINT
[CLASS ACTION]

exercise discretion and independent judgment; these employees' work routinely included work in excess of 40 hours per week and/or 8 hours per day and they were not, and have never been, paid overtime compensation for their work. Furthermore, Defendants failed to provide Plaintiff and class members the required "off duty" rest and meal periods during the relevant time period as required under the IWC Wage Orders and the California Labor code.

       d.       Members of the class identified herein were discharged by Defendants or voluntarily quit, and did not have a written contract for employment. The Defendants, in violation of California Labor Code Sections 201, and 202, et seq., respectively, had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned and unpaid wages of all such former employees. The Defendants have willfully failed to pay the earned and unpaid wages of such individuals, including, but not limited to, regular time, overtime, and other wages earned and remaining uncompensated according to amendment, or proof.

13.

      As a pattern and practice, also in violation of the aforementioned labor laws and wage orders, Defendants did not maintain any records pertaining to when Branch Managers began and ended each work period, meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

14.

      There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the absent class members concerning whether Defendants' regular business custom and practice of requiring substantial "overtime" work and not paying for said work according to the overtime mandates of California law is, and at all times herein mentioned was, in violation of California Labor Code Sections 1194 and 500, et seq., the Unfair Practices Act and the applicable California Industrial Welfare Commission wage orders.

7

Defendants' employment policies and practices wrongfully and illegally failed to compensate Branch Managers for substantial overtime compensation earned as required by California law. For instance, questions of fact and/or law common to the members of the aforesaid class -- which predominate over any questions which may affect only individual members -- are:

       i.     Whether Defendants' California based Branch Managers were classified as "exempt" in violation of California law;

      ii.     Whether Defendants uniformly failed to pay overtime wages to its Branch Managers by virtue of Defendants' unlawful class wide designation of such employees as "exempt" in violation of California law;

      iii.    Whether Plaintiff and the class could waive the wage and hour laws designed for their benefit under California law and whether such waivers were voluntary, knowing and valid;

      iv.    Whether Defendants' conduct constituted an illegal, or unfair, business practice in violation of California law;

      v.     Whether Plaintiff and the class are entitled to compensatory damages pursuant to the California Labor Code;

      vi.    Whether Plaintiff and the class are entitled to injunctive relief, including restitution and/or disgorgement of profits pursuant to California law.

      vii.   What is the correct computation formula for the payment of overtime in California?

      viii.   What work is customarily and regularly accomplished by class members in Defendants' -- and what category (exempt or non-exempt) does that work properly fall into?

      ix.    What are the realistic requirements of the Branch Manager positions?

COMPLAINT
[CLASS ACTION]

x.    What are the expectations of Defendants vis-à-vis the class members' job performance?

xi.    Who has the burden of proof on the exemption issue?

xii.    Can defendant rely on the "sole charge" or "primary duty" exemption standards applicable under federal law, or must Defendants comply with California's more strict quantitative exemption standards?

xiii.    Whether Defendants failed to provide Plaintiff and class members rest and meal breaks in violation of California Labor Code and applicable IWC wage orders;

### 15.

The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff, as a representative party, will fairly and adequately protect the interests of the class by vigorously pursuing this suit through attorneys who are skilled and experienced in handling civil litigation of this type.

### 16.

The California Labor Code, IWC Wage Orders and Cal. Business and Professions Code provisions upon which Plaintiff asserts these claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment. The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit

9

and overwhelm the limited resources of each individual Plaintiff with its vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

### 17.

The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (1) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (2) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution, considering all of the concomitant costs and expenses.

### 18.

Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation, as described herein, is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the full amount of the straight time compensation and overtime premiums owing, including interest thereon, willful penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code Section 1194, et seq.

///

COMPLAINT
[CLASS ACTION]

**19.**

Proof of a common business practice or factual pattern, of which the named Plaintiff's experiences are representative, will establish the right of each of the members of the Plaintiff class to recovery on the causes of action alleged herein.

**20.**

The Plaintiff class is entitled in common to a specific fund with respect to the overtime compensation monies illegally and unfairly retained by Defendants. The Plaintiff class is entitled in common to restitution and disgorgement of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class, prays for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

COMES NOW, Plaintiff, individually and on behalf of both the class and as a second, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

**21.**

Plaintiff herein repeats and re-alleges as though fully set forth at length each and every paragraph of this Complaint, excepting those paragraphs which are inconsistent with this cause of action for relief regarding Defendants' violations of Business and Professions Code 17200 et seq. (Unfair Practices Act).

**22.**

Defendants, and each of them, have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding and subsequent paragraphs, to wit, by requiring their Branch Managers to perform the labor services

COMPLAINT
[CLASS ACTION]

complained of herein without overtime compensation and failing to provide, authorize, and/or permit meal and rest periods as required by the California Labor Code.  Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.  Plaintiff – and members of the class – seek full restitution and disgorgement of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.  Plaintiff seeks, on his own behalf and on behalf of the class, the appointment of a receiver, as necessary.  The acts complained of herein occurred, at least in part, within the last four (4) years preceding the filing of the original complaint in this action.

23.

Plaintiff specifically alleges the following violations of the Business and Professions Code. Cal. Lab. Code §226.7(a) provides, "No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission. "

24.

Industrial Welfare Commission Order No. 7-2001(11)(c) provides in relevant part, "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."

25.

Industrial Welfare Commission Order No. 7-2001 (12)(A) authorizes employees to take rest periods based on the total hours worked daily at the rate of ten minutes rest per four hours or major fraction thereof.

26.

Cal. Lab. Code Section 512, which provides in relevant part:

Meal periods

12

An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period my be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

27.

As alleged herein, Defendants routinely interrupted and/or failed to permit, authorize and/or provide Plaintiff's and Class members' meal and rest breaks. By these actions, Defendants violated Cal. Lab. Code §226.7(a) and as a result, such violations constitutes an unfair business practice.

28.

Plaintiff, and all persons similarly situated, are further entitled to and do seek a both a declaration that the above-described business practices are unfair, unlawful and/or fraudulent and injunctive relief restraining Defendants from engaging in any of such business practices in the future. Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will cause great and irreparable injury to all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC Wage Orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

COMPLAINT
[CLASS ACTION]

### THIRD CAUSE OF ACTION
**(Failure to Make Payment Within the Required Time: California Labor Code Sections 201, 202, 203, 226)**

COMES NOW, Plaintiff, individually and on behalf of both the class and as a second, separate and distinct cause of action against Defendants, and each of them, alleges as follows:

29.

Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

30.

California Labor Code Section 201 provides in relevant part, "[i]f an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

31.

California Labor Code Section 202 provides in relevant part, "[i]f an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

32.

As alleged herein, Defendants failed to pay earned wages to Plaintiff and the Class who are former employees of Defendants at the time they became due and payable. Thus, Defendants violated Cal. Labor Code Sections 201 and 202. Accordingly, Plaintiff seeks recovery of waiting time penalties as provided under Labor Code Section 203.

WHEREFORE, Plaintiff on his own behalf and on behalf of the members of the class prays for judgment as follows:

14

1.    Determining that this action may proceed and be maintained as a class action;

2.    For the First Cause of Action:

    a.  A declaratory judgment that Defendants have violated Labor Code Sections 1194, 1194.2 and 1197;

    b.  An award to Plaintiff and the Classes of damages for the balance of unpaid compensation, including interest thereon, and penalties subject to proof;

    c.  An award to Plaintiff and the Classes of reasonable attorneys' fees and costs pursuant to Labor Code Section 1194;

    d.  Pursuant to Labor Code Section 218.6, an award of all accrued interest from the date that the wages were due and payable at the interest rate specified in subdivision (b) or Section 3289 of the Civil Code; and

3.    For the Second Cause of Action:

    a.  Ordering Defendants, their agents, servants and employees, and all persons acting, directly or indirectly, in concert with them, to restore and disgorge all funds to each member of the Class acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and therefore constitute unfair competition under Section 17200 *et. seq.* of the Business and Professions Code, and specifically including Plaintiff and the putative class members' claims for meal and rest period violations;

    b.  For injunctive relief pursuant to Business and Professions Code Section 17203, consisting of *inter alia*: (1) a declaration that Defendants have engaged in unlawful and unfair and fraudulent business acts and practices in violation of California Business and Professions Code Section 17200 *et. seq.*; (2) a preliminary and/or permanent injunction enjoining Defendants and their respective successors, agents, servants, officers, directors, employees and all persons acting in concert with them from pursuing the policies, acts and practices complained of herein and prohibiting Defendants from continuing such acts of unfair and illegal business acts and practices; and

    c.  Restitution, including, but not limited to, the relief permitted by the California IWC Order Nos. 7-1997 through 7-2001 *et. seq.*

4.    For the Third Cause of Action:

    a.  A declaratory judgment that Defendants have violated Labor Code Sections 201 and 202;

15

b.   An award to Plaintiff and the Classes who are former employees of continuing wages as a penalty from the due date thereof at the same rate until paid or until this action was commenced; but for no more that 30 days;

c.   Pursuant to Labor Code Section 226, an award to Plaintiffs and the Class of actual damages as well as an award of costs and reasonable attorneys' fee; and

5.   Awarding Plaintiffs and the Class their attorneys' fees and costs of suit to the extent permitted by law; and

6.   All other relief as this Court may deem proper.

DATED:      January 5, 2011            RIGHETTI · GLUGOSKI, P.C.


John Glugoski
Counsel for Plaintiff
and the Class

16

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE
Case Number _____

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

**BC 452740**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 7.3©). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Carolyn B. Kuhl | 1 | 534 | Hon. Holly E. Kendig | 42 | 416 |
| Hon. J. Stephen Czuleger | 3 | 224 | Hon. Mel Red Recana | 45 | 529 |
| Hon. Luis A. Lavin | 13 | 630 | Hon. Debre Katz Weintraub | 47 | 507 |
| Hon. Terry A. Green | 14 | 300 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Richard Fruin | 15 | 307 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Rita Miller | 16 | 306 | Hon. John Shepard Wiley Jr. | 50 | 508 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Abraham Khan | 51 | 511 |
| Hon. Rex Heeseman | 19 | 311 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. John P. Shook | 53 | 513 |
| Hon. Zaven V. Sinanian | 23 | 315 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Michael Johnson | 56 | 514 |
| Hon. James R. Dunn | 26 | 316 | Hon. Ralph W. Dau | 57 | 517 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. Rolf M. Treu | 58 | 516 |
| Hon. John A. Kronstadt | 30 | 400 | Hon. David L. Minning | 61 | 632 |
| Hon. Alan S. Rosenfield | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Mary H. Strobel | 32 | 406 | Hon. Kenneth R. Freeman | 64 | 601 |
| Hon. Charles F. Palmer | 33 | 409 | Hon. Mark Mooney | 68 | 617 |
| Hon. Amy D. Hogue | 34 | 408 | Hon. Ramona See | 69 | 621 |
| Hon. Daniel Buckley | 35 | 411 | Hon. Soussan G. Bruguera | 71 | 729 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Joanne O'Donnell | 37 | 413 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. William F. Fahey | 78 | 730 |
| Hon. Michael C. Solner | 39 | 415 | **Hon. Emilie H. Elias*** | 324 | CCW |
| Hon. Michelle R. Rosenblatt | 40 | 414 | other | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | |

*****Class Actions**
All class actions are initially assigned to Judge Emilie H. Elias in Department 324 of the Central Civil West Courthouse (600 S.Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the class action case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk
By _____, Deputy Clerk

LACIV CCH 190 (Rev. 04/10)
LASC Approved 05-08

NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE

Page 1 of 2

# EXHIBIT B

SUM-100

**SUMMONS**
*(CITACION JUDICIAL)*

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 07 2011

John A. Clarke, Executive Officer/Clerk

BY _____, Deputy
Shaunya Wesley

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK
and DOES 1 through 50 inclusive, Defendants.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RAYMOND RAY, an individual
and on behalf of all others similarly situated, Plaintiff.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* Los Angeles County Superior Court | *(Número del Caso):* B C 4 5 2 7 4 0 |

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Glugoski, Righetti Glugoski, P.C., 456 Montgomery #1400, San Francisco, CA 94104

| DATE: | Clerk, by | , Deputy |
| *(Fecha)* JAN 07 2011 | *(Secretario)* Shaunya Wesley | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* Wells Fargo Bank

under: ☑ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.accesslaw.com

# EXHIBIT C

NOTICE SENT TO:

Righetti, Matthew, Esq.
Righetti Glugoski, P.C.
456 Montgomery Street, Suite 1400
San Francisco,        CA  94104

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

FEB 07 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
CYNTHIA RANDLE

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| RAYMOND RAY                  Plaintiff(s), | | BC452740 |
| VS. | | |
| WELLS FARGO BANK            Defendant(s). | | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

**TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:**

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for  March 18, 2011  at  9:30 am  in  Dept. 71
at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:**     **THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  February 7, 2011 

Soussan G. Bruguera
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a
      separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date:  February 7, 2011 

John A. Clarke, Executive Officer/Clerk

C. Randle

by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

## PROOF OF SERVICE
STATE OF CALIFORNIA

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the action. My business address is Righetti · Glugoski, P.C., 456 Montgomery Street, Suite 1400, San Francisco, California, 94104.

On Tuesday, February 01, 2011, I served the foregoing document described as:

- **NOTICE OF CASE MANAGEMENT CONFERENCE**

on the interested parties by administering a true copy in sealed envelopes addressed as follows:

**WELLS FARGO BANK**
Agent for Service of Process
CSC
2730 Gateway Oaks, Dr., Ste. 100
Sacramento, CA 95833

(X)    **VIA U.S. MAIL:**
I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice such envelopes would be deposited with the U.S. postal service on Thursday, February 10, 2011 with postage thereon fully prepaid, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and was executed on Thursday, February 10, 2011 at San Francisco, California.

Amber Scott

PROOF OF SERVICE

# EXHIBIT D

1    **SEYFARTH SHAW LLP**
    Christian J. Rowley (SBN 187293)
2    *crowley@seyfarth.com*
    560 Mission Street, Suite 3100
3    San Francisco, CA 94105
    Telephone: (415) 397-2823
4    Facsimile: (415) 397-8549

5    **SEYFARTH SHAW LLP**
    Jill A. Porcaro (SBN 190412)
6    *jporcaro@seyfarth.com*
    Candace S. Bertoldi (SBN 254725)
7    *cbertoldi@seyfarth.com*
    333 South Hope Street, Suite 3900
8    Los Angeles, CA 90071-1406
    Telephone: (213) 270-9600
9    Facsimile: (213) 270-9601

10    Attorneys for Defendant
    WELLS FARGO BANK, NA

11

12        SUPERIOR COURT OF THE STATE OF CALIFORNIA

        COUNTY OF LOS ANGELES - CENTRAL DISTRICT

13

14    RAYMOND RAY, an individual and on behalf )     Case No. BC 452740
    of all others similarly situated,            )
15                               )     [Case Assigned to Judge Emile H. Elias
                              )          Department 324]
16          Plaintiff,              )
                              )     **CLASS ACTION**
17        v.                       )
                              )     **DEFENDANT WELLS FARGO BANK'S**
18    WELLS FARGO BANK and DOES 1 through )    **ANSWER TO PLAINTIFF'S**
    50 Inclusive                     )     **COMPLAINT**
19                               )
                              )     Complaint Filed:          01/07/11
20          Defendants.         )

21

22         Pursuant to California Code of Civil Procedure §431.30(d), Defendant WELLS FARGO

23    BANK, NA (erroneously sued as "Wells Fargo Bank") ("WFB" or "Defendant") generally

24    denies each and every allegation and cause of action included in Plaintiff RAYMOND RAY'S

25    unverified Class Action Complaint for Damages for: (1) Violation of Labor Code; (2) Violation

26    of Business and Professions Code §§ 17200, *seq.*; and (3) Failure to Make Timely Payments

27    Within the Time Required (the "Complaint"); and, without limiting the generality of the

28

            DEFENDANT WELLS FARGO BANK, NA'S ANSWER TO PLAINTIFF'S COMPLAINT

1 foregoing, denies that Plaintiff or the putative class members have been damaged in any amount,

2 or at all, by reason of any act or omission of WFB.

### SEPARATE ADDITIONAL DEFENSES

4     In further answer to Plaintiff's Complaint, Defendant alleges the following additional

5 defenses. In asserting these defenses, WFB does not assume the burden of proof as to matters

6 that, pursuant to law, are Plaintiff's burden to prove.

### FIRST DEFENSE

8     The Complaint and each cause of action alleged therein fails to state facts sufficient to

9 constitute a cause of action upon which relief can be granted against WFB.

### SECOND DEFENSE

11     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations,

12 including but not limited to, California Code of Civil Procedure §§338(a), 339, and 340 and

13 California Business & Professions Code §17208.

### THIRD DEFENSE

15     Plaintiff has delayed inexcusably and unreasonably in the filing of this action causing

16 substantial prejudice to WFB and thus, Plaintiff's claims are barred by the equitable doctrine of

17 laches.

### FOURTH DEFENSE

19     Plaintiff's Complaint, and each and every cause of action alleged therein, is barred as

20 against WFB by the doctrines of waiver and estoppel.

### FIFTH DEFENSE

22     Plaintiff's Complaint, and each and every cause of action alleged therein, is barred as

23 against WFB by the doctrine of unclean hands.

### SIXTH DEFENSE

25     Plaintiff's Complaint is barred because the alleged failure to pay overtime, or to give

26 meal and rest breaks, was not unlawful, unfair or fraudulent. At all times relevant and material

27 herein, Plaintiff and the putative class members were exempt from the overtime compensation

28 requirements and the meal and rest period requirements of the California Labor Code and the

1   Industrial Welfare Commission Wage Orders, because Store or Branch Managers are/were

2   employed in an administrative, executive or professional capacity within the meaning of the

3   applicable wage orders and state law.

4   **SEVENTH DEFENSE**

5       Plaintiff and the putative class members are not entitled to any award under Section 226

6   or Section 512 of the California Labor Code because, at all times relevant and material herein,

7   the meal and rest break policies that applied to them did not violate any provisions of the

8   California Labor Code or Industrial Welfare Commission Wage Orders.

9   **EIGHTH DEFENSE**

10       Plaintiff and the putative class members are not entitled to any penalty award under

11   Section 203 of the California Labor Code because, at all times relevant and material herein,

12   WFB did not willfully fail to comply with the compensation provisions of the California Labor

13   Code, including but not limited to, California Labor Code §200, *et seq.*, but rather acted in good

14   faith and had reasonable grounds for believing that it did not violate the compensation provisions

15   of the California Labor Code.   Moreover, Plaintiff cannot recover penalties under Section 203

16   because Plaintiff's employment with WFB has not been separated.

17   **NINTH DEFENSE**

18       Plaintiff lacks standing to seek injunctive relief and civil penalties or damages under

19   relevant portions of the California Labor Code, including but not limited to Sections 203 and

20   226, and California Business and Professions Code §§17200, *et seq.* because, *inter alia*, Plaintiff

21   has not suffered any injury in fact or lost money or property as a result of any unfair competition,

22   and/or no penalties are available under the statutes Plaintiff sues upon.

23   **TENTH DEFENSE**

24       Plaintiff's claims for injunctive and equitable relief are barred because Plaintiff has an

25   adequate and complete remedy at law, and/or Plaintiff cannot make the requisite showing to

26   obtain injunctive relief in a labor dispute under California Labor Code §§1138.1, *et seq.*

27

28

DEFENDANT WELLS FARGO BANK, NA'S ANSWER TO PLAINTIFF'S COMPLAINT

13116631v.1

**SEVENTEENTH DEFENSE**

. Plaintiff's claims are barred, in whole or in part, pursuant to an accord and satisfaction and/or are barred to the extent that Plaintiff or any putative class member has entered into or is otherwise bound by compromise, settlement or release agreements regarding those claims.

**EIGHTEENTH DEFENSE**

Plaintiff or any putative class member is not entitled to any penalty award under the California Labor Code to the extent that the penalty provisions of the applicable Labor Code sections invoked establish penalties that are unjust, arbitrary, oppressive, confiscatory and are disproportionate to any damage or loss incurred as a result of WFB's conduct, and are unconstitutional under Article I, Section VII, of the California Constitution.

**NINETEENTH DEFENSE**

Plaintiff's claims are not amenable to class treatment, as Plaintiff cannot meet the prerequisites for class certification.

**TWENTIETH DEFENSE**

Plaintiff's Complaint should not be permitted to proceed as a class action because Plaintiff is not an adequate representative of the class.

**ADDITIONAL DEFENSES**

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**PRAYER**

Wherefore, Defendant prays for judgment as follows:

1.   That Plaintiff take nothing for the Complaint;

2.   That judgment be entered in favor of WFB and against Plaintiff on all causes of action;

3.   That WFB be awarded reasonable attorneys' fees according to proof;

4.   That WFB be awarded its costs of suit incurred herein; and

5

13116631v.1

1       5.      That WFB be awarded such other and further relief as the Court may deem

2   appropriate.

3

4   DATED:   February 16, 2011         SEYFARTH SHAW LLP

5

6                          By _____
                              Christian J. Rowley

7                               Jill A. Porcaro
                              Candace S. Bertoldi

8                        Attorneys for Defendant
                       WELLS FARGO BANK, NA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WELLS FARGO BANK, NA'S ANSWER TO PLAINTIFF'S COMPLAINT

13116631v.1

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 333 South Hope Street, Suite 3900, Los Angeles, CA 90071-1406.

4

5

     On February 16, 2011 I served the following described as answer of **Defendant Wells Fargo Bank's Answer to Plaintiff's Complaint** on the interested parties in this action:

6

7

[XX]  by placing true copies thereof in sealed envelopes, addressed as stated on the following mailing list:

8

       Matthew Righetti, Esq.

9

       John Glugoski, Esq.
       RIGHETTI --GLUGOSKI, P.C.

10

       456 Montgomery Street, Suite 1400
       San Francisco, CA 94104

11

       Telephone: (415) 983-0900
       Facsimile:  (415) 397-9005

12

[  ] by placing [xx] the original and/or [  ] true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

13

14

[XX]  **(VIA U.S. MAIL)**

15

    [  ] I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage fully prepaid.

16

    [xx] As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the day of deposit for mailing identified in the affidavit.

17

18

19

Executed February 16, 2011 at Los Angeles, California.

20

21

[ ]   (BY PERSONAL SERVICE)  I delivered such envelope by hand to the offices of the addressee.

22

Executed on _____ at Los Angeles, California.

23

[XX]  (STATE)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25

[ ]   (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

26

27

_____
Lee Drozd

28

13116631v.1

# DECL. R. MCDANIEL

## DECLARATION OF ROBERT MCDANIEL

I, ROBERT McDANIEL, declare as follows:

1.     I have personal knowledge of the facts set forth in this declaration and could testify competently to them under oath if called as a witness to do so.

2.     I am currently employed as Compensation Manager for Wells Fargo Bank, NA ("WFB" or "the Bank").  In that position I am familiar with the Bank's corporate structure, general finances, and operations.

3.     Wells Fargo Bank, NA is a federally chartered national banking association that is organized and exists under the National Banking Act, with its main office (as identified in its articles of association) in South Dakota.

4.     Wells Fargo's banking business in California is conducted by Wells Fargo Bank, NA pursuant to its charter under the National Bank Act.

5.     Raymond Ray is an employee of Wells Fargo Bank, NA

6.     I have analyzed the Bank's employee data records for its Store Managers employed in California.  Such records include information relating to each WFB Store Manager's hire date, job position (and dates the employee held the position of Store Manager), termination date (if applicable), and salary information, all of which is maintained by WFB in the ordinary course of business.  Based on my review of these records, I have determined that there have been at least 656 WFB employees holding the position of Store Manager in California during the period of January 7, 2007 through January 7, 2011.  Concerning these Store Manger employees, I have further determined that:

- Approximately 79 of the WFB Store Managers have been continuously employed by WFB as Store Managers in California during the period of January 7, 2007, through January 7, 2011;

- Approximately 154 of the WFB Store Managers have been continuously employed by WFB as Store Managers in California during the period of January 7, 2008, through January 7, 2011; and

DECLARATION OF ROBERT MCDANIEL

13136818v.1

- Approximately 332 of the WFB Store Managers have been continuously employed by WFB as Store Managers in California during the period of January 7, 2010, through January 7, 2011.

7. I have further determined that approximately 356 WFB Store Managers employed in California either resigned, retired, or were terminated during the period of January 7, 2008, through December 7, 2010.

8. I also have personal knowledge that Raymond Ray's base salary of $6,083 per month ($72,996.00) is broadly typical of WFB employees in the Store Manager position during the relevant period.   In 2010, WFB's Store Manager base salaries in California ranged from $36,200 at the low end for a Store Manager 1 position in an Area 2 store, to a maximum base salary of $122,600 for a Store Manager 5 in and Area 0 store.  The median California Store Manager base salary in 2010 was approximately $72,475.00 per year.  The median Store Manager base salary in 2009 for WFB California Store Managers was approximately $73,475.00.  The median Store Manager base salary in 2008 for WFB California Store Managers was approximately $70,399.19.  The median Store Manager base salary in 2007 for WFB California Store Managers was approximately $69,300.00.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 17th day of February 2011 in Minneapolis, Minnesota.


_Robert J. McDaniel_
ROBERT MCDANIEL


2
DECLARATION OF ROBERT MCDANIEL

13136818v.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

## CV11- 1477 AHM (JCx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Raymond Ray, an individual and on behalf of all others similarly situated | Wells Fargo Bank and DOES 1 through 50 Inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>SEE ATTACHMENT | Attorneys (If Known)<br><br>SEE ATTACHMENT |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C § 1441(a); Class Action Fairness Act of 2005

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:  **CV11-01477**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

## Attachment to Civil Cover Sheet

I. (b)

Attorneys for Plaintiff
Raymond Ray:

Matthew Righetti (SBN 121012)
John Glugoski (SBN 191551)
**RIGHETTI - GLUGOSKI, P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone:  (415) 983-0900
Facsimile:  (415) 397-9005

Attorneys for Defendants
Wells Fargo Bank, NA:

Christian J. Rowley (SBN 187293)
crowley@seyfarth.co,
**SEYFARTH SHAW LLP**
560 Mission Street, Suite 3100
San Francisco, CA 94105
Telephone:  (415) 397-2823
Facsimile:   (415) 839-9001

Jill Porcaro (SBN 190412)
jporcaro@seyfarth.com
Candace S. Bertoldi (SBN 254725)
cbertoldi@seyfarth.com
**SEYFARTH SHAW LLP**
333 South Hope Street, Suite 3900
Los Angeles, CA 90071
Telephone:  (213) 270-9600
Facsimile:  (213) 270-9601

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, **and** one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff is a resident of Los Angeles County and a citizen of the State of California | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Wells Fargo Bank, NA (erroneously sued as Wells Fargo Bank) is a citizen of the State of South Dakota |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles. | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Jill Porcaro_ Date February 17, 2011

Jill Porcaro

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CIVIL COVER SHEET

American LegalNet, Inc.
www.FormsWorkflow.com