# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01477 AHM (JCx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | RAYMOND RAY v. WELLS FARGO BANK, N.A. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:     Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

On January 7, 2011, Plaintiff Raymond Ray ("Plaintiff") filed this action in Los Angeles Superior Court. The complaint for a putative class action on behalf of Wells Fargo branch managers, who were allegedly misclassified as exempt, seeks the following remedies for various violations of the California Labor Code and the UCL: (1) unpaid overtime wages; (2) meal and rest break premium pay; (3) waiting time penalties; (4) wage statement penalties; and (5) attorneys' fees.

On February 17, 2011, Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") removed this action to federal district court. Defendant alleges that removal is appropriate under the Class Action Fairness Act ("CAFA"), Pub.L. 109-2, § 9, Feb. 18, 2005, 119 Stat. 14, codified in relevant part at 28 U.S.C. §§ 1332(d)(2)and 1453(b), and under 28 U.S.C. §§ 1332(a), 1348, and 1441.

The parties agree that diversity exists for purposes of removal. The parties dispute whether Defendant has met the amount in controversy requirement for CAFA removal. Before this Court is Plaintiff's Motion to Remand and for Sanctions Against Defendant and its Counsel.[1] For the following reasons, the Court DENIES Plaintiff's Motion.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff is a former employee of Defendant. Compl. ¶ 2. Plaintiff worked as a Bank Manager for Wells Fargo. He brings this action on behalf of all similarly-situated

---

[1]Dkt. 9.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01477 AHM (JCx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | RAYMOND RAY v. WELLS FARGO BANK, N.A. | | |

Bank Managers who were misclassified as "exempt" employees for purposes of the payment of overtime compensation. Compl. ¶ 3. Plaintiff claims that not only did Defendant Wells Fargo's failure to pay overtime violate California law, but Defendant also deprived Plaintiff and those similarly situated of meal and rest breaks. *Id*. Plaintiff brings three causes of action against Defendant: (1) violation of the California Labor Code; (2) violation of the UCL; and (3) failure to make payments within the required time. Plaintiff alleges the class consists of:

> All California based Branch Managers who worked at any time during the four years preceding the filing of this Complaint up until the date of class certification for Defendants in the State of California.

Compl. ¶ 11. Plaintiff seeks to recover alleged unpaid wages for failure to provide meal and rest periods, alleged unpaid wages for failure to pay overtime wages, penalties, injunctive relief, restitution, disgorgement of all sums obtained through alleged unfair business practices, and attorneys' fees and costs. *See* Prayer for Relief. As related to the amount in controversy, Plaintiff set forth the following allegations:

> The claims of individual class members, including Plaintiff, are under the $75,000 jurisdictional threshold for federal court. For example, a class member who was or has been employed for a relatively brief period could never reasonably be expected to receive a recovery of $75,000 or more. The total damages for the entire case does not exceed $5,000,000.00.

Compl. ¶ 1. Plaintiff does not allege a total amount in controversy.


## II. LEGAL STANDARD

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996). The removal statute is "strictly construe[d] . . . against removal jurisdiction," and the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01477 AHM (JCx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | RAYMOND RAY v. WELLS FARGO BANK, N.A. | | |

to the right of removal in the first instance." *Id*. A removing defendant must set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

### A. Removal Jurisdiction under CAFA

Section 1332(d)(2) provides, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which -- (A) any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2). Section 1332(b)(6) provides, "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(b)(6).

Jurisdiction must be determined from the face of the complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L.Ed.2d 318 (1987). Defendant must allege and bear the burden of proof that the amount in controversy exceeds $5,000,000. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). This burden is not met by mere conclusory allegations; the defendant must prove existence of the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In this regard, the defendant must set forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds $5,000,000. *See Abrego Abrego*, 443 F.3d at 689.

### B. Applicable Burdens of Proof Regarding CAFA's Amount-in-Controversy Requirement

In *Sanchez, supra*, the Ninth Circuit identified three different burdens of proof which might be placed on a removing defendant concerning the amount-in-controversy requirement, depending on the allegations in the complaint. In subsequent decisions in *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (per curiam), *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994 (9th Cir. 2007) and *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696 (9th Cir. 2007), the Ninth Circuit applied these burdens of proof to cases under the Class Action Fairness Act ("CAFA").

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01477 AHM (JCx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | RAYMOND RAY v. WELLS FARGO BANK, N.A. | | |

First, when a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a "legal certainty" that the plaintiff cannot actually recover that amount. *Sanchez*, 102 F.3d at 402. *See also Guglielmino*, 506 F.3d at 699.

Second, when it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]." *Sanchez*, 102 F.3d at 404 ("Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."). In *Abrego Abrego*, the Ninth Circuit applied the preponderance holding in *Sanchez* to complaints filed under CAFA that do not specify a particular amount in controversy. 443 F.3d at 683.

Third, in *Lowdermilk*, the Ninth Circuit held in the CAFA context that when a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the "party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." 479 F.3d at 1000. District courts have concluded that where a plaintiff expressly states that the "aggregate claim" or the "amount in controversy" is less than the jurisdictional threshold, the complaint is sufficiently certain and the legal certainty standard applies. *See e.g., Castillo v. Apple Core Enterprises, Inc.*, 2009 WL 2849124, *1-2 (S.D. Cal. 2009) (Huff, J.) (applying legal certainty standard and remanding the action to state court where complaint alleged that "the amount in controversy does not reach or exceed five million dollars"); *Green v. Staples Contract & Commercial, Inc.*, 2008 WL 5246051, *3 (C.D. Cal. 2008) (Wilson, J.) (applying legal certainty standard and remanding action to state court where plaintiff limited "aggregate claim" to less than $5 million, which includes all possible forms of relief, and not just damages"); *Tate v. US. Bank National Association*, 2007 WL 1170608, *4-5 (D.Or. 2007) (Haggerty, C.J.) (applying legal certainty standard and remanding action to state court where plaintiff alleged that "the aggregate of claims" did not exceed five million dollars).

Finally, in *Guglielmino*, the Ninth Circuit addressed "the proper burden of proof to be borne by the removing defendant when plaintiffs move to remand the case to state

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01477 AHM (JCx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | RAYMOND RAY v. WELLS FARGO BANK, N.A. | | |

court and their complaint alleges damages less than the jurisdictional threshold for diversity cases but does not specify a total amount in controversy." 506 F.3d at 697. There, the complaint's Prayer for Relief made "no mention . . . of a total dollar amount in controversy." *Id*. at 700. Instead, the complaint sought class action certification, damages under statutory and common law, punitive and exemplary damages, accounting of moneys due to the plaintiffs, attorneys' fees and costs, payment of back taxes and benefits; notice of the right to rescission and restitution, a declaration of the rights and obligations between defendant and the class, an injunction, prejudgment interest, costs, and "such other and further relief as this Court deems just and appropriate." *Id*. The court affirmed the district court's denial of plaintiffs' motion to remand, and found that attorneys' fees, back payment of health benefits and taxes, and accounting moneys sought by plaintiffs constituted payment of sums that went beyond damages, and that these were not labeled as damages in the Prayer for Relief. *Id*. at 701. The key distinction, therefore, between *Guglielmino* and *Lowdermilk* was that the plaintiffs in *Guglielmino* did not mention the total amount in controversy, and sought payment which would be outside the realm of damages which could, even assessed by a preponderance of the evidence standard, bring the total amount in controversy to beyond the jurisdictional minimum. *Id*. The court held, "The uncertainty which is inherent in the [plaintiffs]' Prayer for Relief places this case within the *Sanchez* line of cases, and we therefore apply the preponderance of the evidence burden of proof to the removing defendant." *Id*.

## III. DISCUSSION

Here, the parties dispute the applicable burden of proof for removal in this case, as well as whether Defendant has met that burden. Plaintiff contends that because Defendant improperly removed this action, that Plaintiff is entitled to attorneys' fees as a sanction for Defendant's improper removal.

### A. Applicable Burden of Proof

Plaintiff contends the legal certainty standard of *Lowdermilk* should apply here because he alleged in his complaint that "damages" for this case "do not exceed five million dollars." Compl. ¶ 1. The applicable standard here, however, is the preponderance of the evidence standard, as noted in *Guglielmino*, *supra*.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01477 AHM (JCx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | RAYMOND RAY v. WELLS FARGO BANK, N.A. | | |

In *Guglielmino*, the court held that because the complaint "is unclear and does not specify 'a total amount in controversy,' the proper burden of proof in this case is proof by a preponderance of the evidence." *Id*. at 701. Even a faithful application of *Lowdermilk* precedent in *Guglielmino* did not invoke the "legal certainty" burden when the complaint alleged a statutory limit on alleged damages, but was unclear in alleging recovery of the total amount in controversy. *Id*. at 700. The court in *Guglielmino* distinguished *Lowdermilk* on the basis that the *Lowdermilk* court read the complaint's reference to "'aggregate total of claims' to include everything sought, including attorneys' fees." 506 F.3d at 700 n.4. The *Guigliemino* Court noted, "In contrast, here the complaint does not use the word 'claim' but instead references only 'damages and injunctive relief,' within neither of which attorneys' fees comfortably fit." *Id*.

Plaintiff's allegations more closely resemble the plaintiff's allegations in *Guglielmino* than the allegations in *Lowdermilk*. Plaintiff generally alleges damages below the jurisdictional minimum, but fails to clearly set forth the total amount in controversy, given that Plaintiff seeks recovery attorneys' fees which do "not fit comfortably within the realm of 'damages.'" *Guglielmino*, 506 F.3d at 701. In *Trahan v. Us. Bank*, 2009 WL 4510140, *2-3 (N.D. Cal. 2009) (White, J.), the Court similarly held that an allegation of damages nearly identical to the one in Plaintiff's Complaint was ambiguous as to the total amount in controversy and therefore did not invite the application of the legal certainty standard. *Id*. at *3 (concluding that the legal certainty standard does not apply where plaintiff alleged in his complaint that "[t]he aggregate damages of the class, exclusive of interests and costs, do not exceed $5,000,000."). Here, as in *Guglielmino* and *Trahan*, Plaintiff's Prayer for Relief: (1) fails to state the total dollar amount in controversy for all claims alleged and all remedies sought; and (2) seeks not only compensatory damages, but also restitution, statutory penalties, attorneys' fees, and injunctive relief—elements of the total amount in controversy that are not clearly included as part of the less than $5 million in "damages" sought.

If Plaintiff truly intended to limit the amount in controversy for all claims and requests for relief under the jurisdictional minimum, he could have done so. *See Muniz v. Pilot Travel Centers, LLC*, 2007 WL 1302504 (E.D. Cal. May 1, 2007) (Damrell, J.); ("Plaintiff is the master of h[is] claims, and if []he wanted to avoid removal, []he could have alleged facts specific to h[is] claims which would narrow the scope of the putative class or the damages sought.") (internal quotation marks and modifications omitted)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-01477 AHM (JCx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | RAYMOND RAY v. WELLS FARGO BANK, N.A. | | |

(citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). For example, in *Green v. Staples, supra*, plaintiff sought remand following removal based on CAFA, and the Court applied *Lowdermilk* and *Guglielmino* to determine the burden of proof when the Complaint alleged "individual claims of the members of the Classes herein are under the $75,000 jurisdictional threshold for Federal Court and the aggregate claim is under the $5 million threshold of CAFA." 2008 WL 5246051, at *8. The Court held the amount in controversy requirement was sufficiently specific to require the legal certainty test "because Plaintiff has chosen to limit its 'aggregate claim' to less than $5 million, which includes all forms of relief, and *not just damages*." *Id*. (emphasis added). Here, Plaintiff has done the opposite, and has not limited his claim to "all possible forms of relief" but only to "damages." *See* Compl. ¶ 1 ("The *total damages* for the entire case does not exceed $5,000,000.00.") (emphasis added).

The Court, therefore, finds the preponderance of the evidence standard the applicable burden the Defendant must satisfy.

### B. Defendant Has Met Its Burden of Proof

The Court finds Defendant has met the preponderance of the evidence standard necessary for removal under CAFA.

#### 1. Preponderance of the evidence

Under the preponderance of the evidence standard, a defendant must show that it is "more likely than not" that the jurisdictional threshold is met. *Sanchez*, 102 F.3d at 404. This "burden is not daunting, as courts recognize that under this standard, a removing defendant is *not* obligated to research, state, and prove the plaintiffs' claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (Damrell, J.) (internal quotations omitted) (emphasis in original); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy.").

In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 11-01477 AHM (JCx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | RAYMOND RAY v. WELLS FARGO BANK, N.A. | | |

*Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (Morrow, J.). The ultimate inquiry is, therefore, what amount is put "in controversy" by the plaintiff's complaint or other papers, not what the defendant will actually owe for the actual number of violations that occurred, if any. *Korn*, 536 F. Supp. 2d at 1204-05. Moreover, the amount in controversy is determined at the time of removal and is to be decided based on the allegations in the operative pleading. *Lowdermilk*, 479 F.3d at 998; 28 U.S.C. 1446(b).

    2.    <u>Defendant's calculations</u>

In its NOR, Defendant devoted more than seven pages to establishing the requisite amount in controversy through calculations based on Plaintiff's allegations in the complaint and evidence regarding the putative class members. To support these calculations, Defendant supplied a declaration from Robert McDaniel, the compensation manager for Defendant ("McDaniel Declaration"). Based on Mr. McDaniel's personal knowledge and review of relevant business records, the McDaniel Declaration sets forth the estimated number of putative class members, their average hourly pay, and other relevant information.

Given that Defendant's burden is "not daunting" and is simply to prove "more likely than not" that the damages will exceed $5,000,000 for purposes of removal, the Court finds that Defendant has met its burden met its burden of proving the requisite amount in controversy by a preponderance of the evidence.

McDaniel declared that he had personal knowledge of the facts set forth in his declaration, which included the approximate number of store managers in California during the relevant statutory period, their average salary, amount worked per year, and other relevant information. Mr. McDaniel established a sufficient foundation for his testimony, particularly at this early stage of the litigation, by declaring that his knowledge was based on his normal business responsibilities and his personal review of Defendant's business records.

There is no need, under the circumstances presented, for Defendant to provide the business records themselves. Contrary to Plaintiff's assertions, Defendant has "no obligation . . . to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01477 AHM (JCx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | RAYMOND RAY v. WELLS FARGO BANK, N.A. | | |

members at this premature (pre-certification) stage of the litigation." *Muniz*, 2007 WL 1302504, at *5. Where, as here, a defendant must prove the amount in controversy by a preponderance of the evidence, a declaration or affidavit may satisfy the burden. *Lewis v. Verizon*, 627 F.3d 395, 397 (9th Cir. 2010) ("To satisfy its burden in this case, the removing defendant . . . supplied an affidavit to show that the potential damages could exceed the jurisdictional amount. We conclude that this showing satisfies Verizon's burden."). With the NOR and accompanying declaration, Defendant has met the preponderance of the evidence burden for removal under CAFA.

Finally, Defendant's calculations are reasonable and conservative, based on Plaintiff's allegations and the facts in the McDaniel Declaration. As to Plaintiff's claim for unpaid overtime compensation, for example, Plaintiff alleges that he and the putative class members routinely worked in excess of forty hours per week and/or eight hours per day, and that "[s]tatistically, one hundred percent of the class members were paid on a salary basis with no overtime compensation." Compl. ¶¶ 12a, 12c.

Based on this allegation of "consistent" overtime work, Defendant estimated one hour of unpaid overtime compensation per week for each putative class member and arrived at a figure of $812,436 for the class period. NOR ¶ 19. Even if Defendant's estimate is halved to one hour of unpaid overtime every two weeks, the total amount in controversy easily exceeds $5,000,000 when Plaintiff's other claims (unpaid meal/rest break compensation, waiting time penalties, wage statement penalties) and attorneys fees are included. *See* NOR ¶¶ 17, 20, 23-25 (estimating a total amount in controversy of $5,861,187.20, and additional attorneys' fees of $1,465,296.80). *See also Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (Guilford, J.) ("Since Defendant's calculations were relatively conservative, made in good faith, and based on evidence wherever possible, the Court finds that Defendant has established by a preponderance of the evidence that the amount in controversy exceeds $5,000,000."). Further, "[t]here [is] no contrary evidence . . . and no allegation that Plaintiff [seeks] less than $5 million." *Lewis*, 627 F.3d at 399-401.

       3.     Plaintiff's argument

The thrust of Plaintiff's argument for remand is that these calculations are entirely speculative "assumptions or estimations" on which Defendant is not entitled to

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01477 AHM (JCx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | RAYMOND RAY v. WELLS FARGO BANK, N.A. | | |

rely. Mot. at 5. Plaintiff contends there is no basis for Defendant to conclude that all class members worked the same number of weeks, hours, shifts, or suffered the same number of violations as the named Plaintiff. Mot. at 7. Plaintiff cites to the following cases to support his contention that these calculations are too speculative to support removal: *Campbell v. Vitran Express*, 2010 WL 4971944 (C.D. Cal. Aug. 16, 2010) (Klausner, J.); and *Bartnikowski v. NVR, Inc.,* 2009 WL 106378 (4th Cir. Jan. 16, 2009). These cases are distinguishable.

The court in *Campbell* applied the higher legal certainty standard, rather than the preponderance of the evidence standard (the standard applicable here), in granting plaintiff's motion to remand. *Campbell*, 2010 WL 4971944, at *2. *Campbell* is distinguishable from the matter before this Court because there, Plaintiff alleged in their complaint that "the maximum potential recovery as a result of this action is less than $5,000,000." *Id*. at *1. This amount was broader than the allegation of only "damages" here. In addition, the court found in Campbell that defendant's assumptions were unsupported where the defendant made "extensive assumptions" regarding damages, such as assuming that each class member missed one meal period and one rest period five times per week during each of their pay periods, and that all plaintiffs would recover maximum statutory penalties. *Id*. Here, however, Defendant's assumptions for the purposes of its calculations are conservative and not unsupported, as explained in the above section.

*Bartinkowski* is also distinguishable from the case before this Court. In *Bartnikowski*, an out-of-circuit case, the Fourth Circuit affirmed the district court's remand of the underlying action. 2009 WL 106378, at **1. The Court found NVR's assumptions regarding the amount in controversy unsupported based on defendant's speculative assertion that plaintiff class members worked an average of five hours of overtime per week. *Id*. at **5. Specifically, the court found defendant erroneously relied on the named plaintiff in a related action to make this calculation, and that plaintiff was located in New York and a member of a completely separate action. *Id*. at **4. Here, Defendant's calculations are by contrast reasonable and supported by the record; they are based on the McDaniel declaration and not on erroneously or purely speculative information.

The Court therefore finds Plaintiff's arguments unpersuasive, and finds

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-01477 AHM (JCx) | Date | May 9, 2011 |
|---|---|---|---|
| Title | RAYMOND RAY v. WELLS FARGO BANK, N.A. | | |

Defendant has met its burden for purposes of removal.

### C. Sanctions

Because the Court finds removal was proper in this instance, the Court DENIES Plaintiff's motion for sanctions.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion.[2]

                                                                      : 

Initials of Preparer        SMO

---

[2] Dkt. 9.