UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RAY, an individual and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>WELLS FARGO BANK and DOES 1 through 50 Inclusive,<br><br>　　　　Defendants. | Case No. CV11-01477 AHM (JCx)<br><br>**CLASS ACTION**<br><br>**PROTECTIVE ORDER**<br>**[CHANGES MADE BY COURT]**<br><br>**[Los Angeles Superior Court Case Number: BC 452740]**<br><br>Complaint Filed: 01/07/11 |

Pursuant to the Parties' Stipulation, the Court issues the following ORDER;

1. DEFINITIONS

    1.1    Party: any party to this action, including any party's officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    1.2    Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    1.3    "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c), including but not limited to Defendant Wells Fargo Bank, NA's operating policies, procedures, manuals, proprietary or non-public business, technical, or financial information, payroll and human resources data, proprietary software, security and audit information, and other trade secret information. In agreeing to the protection of "trade secret" information, the parties hereby incorporate the definition for that term as stated in California Civil Code Section 3426.1.[1]

    1.4    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

    1.5    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

    1.6    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

---

[1] California Civil Code Section 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

1.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

1.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.9 <u>House Counsel</u>: attorneys who are employees of a Party.

1.10 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

1.11 <u>Expert</u>: a person or business entity, including its employees and subcontractors, with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party's competitor and who, at the time of retention, has no pending application or offer to become an employee of a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

3. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. The Court's jurisdiction to

enforce the terms of the Order shall continue for six (6) months after the final conclusion of all aspects of the litigation.

## 4. DESIGNATING PROTECTED MATERIAL

### 4.1 Exercise of Restraint and Care in Designating Material for Protection.

To the extent reasonably possible, each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

The parties agree that, where it would be not cost effective to review every document for confidentiality issues, the parties may designate an entire group of documents as confidential, including but not limited to the case of mass e-mail or internal document production. If the opposing party, upon review, feels that a particular document is not properly confidential, he or she may confer with the Designating Party, which shall withdraw the designation if warranted. Absent agreement, the parties may seek Court relief as provided herein.

### 4.2 Manner and Timing of Designations.
Except as otherwise provided in this Order (see, e.g., second paragraph of section 4.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must

determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the top of each page that contains Protected Material.

        (b)    <u>for testimony given in deposition,</u> that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, that the deposition contains confidential information.

        (c)    <u>for information produced in some form other than documentary, and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

    4.3    <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

    5.1    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    5.2    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party in

accordance with Civil Local Rule 37-1. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

     5.3    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may proceed pursuant to Civil Local Rules 37-2 and 37-3 and, if applicable, Civil Local Rule 79-5, and must identify in the submissions to the Court the challenged material and set forth in detail the basis for the challenge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

     6.1    <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) during their depositions and in preparation for their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(g) the author or any recipient of the document or the original source of the information; and

(h) any Party, who then shall have all the rights and duties of a Receiving Party.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other

litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party that caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound by Protective Order" (Exhibit A).

9. FILING PROTECTED MATERIAL

In the event that any party intends to include any document designated as Confidential under this Protective Order as part of any motion, opposition, reply or other document (collectively "Filing") to be filed with the Court, the party will disclose to the Designating Party the identity of all "Confidential" documents which the filing party intends to use as part of the Filing during the meet and confer session required under Local Rule 7-3 or Local Rule 37-1, or if no meet and confer is required, as in the case of an opposition or reply brief, then in a meet and confer session held just for that purpose. The parties agree that it is in both parties' interest, and the Court's interest, to agree to redact, where possible, confidential or private information so as to obviate the need to file documents under seal, such as, by example, redacting names, addresses, amounts, or other confidential information, and, if appropriate, substituting generic identifiers. To the extent that the parties are unable to agree on the use, disclosure, or inclusion of any document designated as Confidential, either party has the right to seek appropriate relief from the Court, or to follow the procedure outlined in Local Rule 79-5. Nothing that is designated Confidential can be filed without i) the parties' agreement pursuant to the process above; or ii) adherence to Local Rule 79-5, or iii) appropriate Court relief. Local Rule 79-5.4 also will apply to any Filings with the Court.

**The parties understand that all Court orders will be presumptively available to the public. Therefore all papers submitted to the Court that refer to or rely upon "Confidential" information shall designate the particular aspects that are confidential. This will enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose. Absent such advance notification (and even with such notification to the extent the Court believes it appropriate), the Court will be free to incorporate all such evidence in its written and oral rulings. See Judge Matz's Standing Order Re: Protective Orders and Treatment of Confidential Information, Paragraph ID.**

**The parties further understand that in the event that the case proceeds to trial, and the parties use information that was designated as "Confidential" and/or kept and maintained pursuant to the terms of this Protective Order at trial, such information becomes public and will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise. See Judge Matz's Standing Order Re: Protective Orders and Treatment of Confidential Information, Paragraph IE.**

10. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some of all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 3 (DURATION), above. The Court's jurisdiction to enforce the terms of the Order shall continue for

six (6) months after the final conclusion of all aspects of the litigation.

11. MISCELLANEOUS

    11.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    11.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED.**

Dated: May 25, 2011                      _____/s/_____
                                                   Honorable Jacqueline Chooljian
                                                   United States Magistrate Judge

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____[print or type full address] declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Protective Order that was issued by the United States District Court for the Central District of California on _____[date] in the case of *Ray v. Wells Fargo Bank,* Case No. CV11-01477 AHM (JCx) ("Protective Order"). I agree to comply with and to be bound by all the terms of this Protective Order. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceeding related to enforcement of this Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed name: _____

Signature: