O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1477 AHM (JCx) | Date | June 20, 2012 |
|---|---|---|---|
| Title | RAYMOND RAY V. WELLS FARGO BANK NA | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys **NOT** Present for Plaintiffs:         Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Defendant Wells Fargo Bank NA has applied for costs against Plaintiff Raymond Ray[1] following the Court's grant of Defendant's motion for judgment on the pleadings. For the following reasons, the Court GRANTS Defendant's Application.

## I.     BACKGROUND

Plaintiff Raymond Ray worked as a Branch Manager for Defendant. His lawsuit on behalf of a putative class of Bank Managers asserted claims that the Bank Managers were denied overtime compensation and were deprived of their mandatory meal periods and rest breaks, in violation of California law. On February 17, 2011, Defendant removed the case to federal court pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711–15.

On March 15, 2012, the Court granted Defendant's motion for judgment on the pleadings based on Plaintiff's lack of standing to pursue the case. (Dkt. 54.) Defendant now seeks to recover $7,085.45 in costs from Plaintiff. Plaintiff does not contest the amount of costs claimed by Defendant. Instead, Plaintiff contests whether Defendant is entitled to costs at all.

## II.    LEGAL STANDARD

---

[1] Dkt. 55.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1477 AHM (JCx) | Date | June 20, 2012 |
|---|---|---|---|
| Title | RAYMOND RAY V. WELLS FARGO BANK NA | | |

### A.    Federal Law

Rule 54 is the federal prevailing party statute.  The rule states that "[u]nless a federal statute, [the Federal Rules], or a court order provides otherwise, costs . . . should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party . . . ."  *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).  Such costs should usually be awarded as a matter of course.  *Id.*

### B.    State Law

Like Rule 54, California law also allows a prevailing party to recover the costs of a lawsuit.  Cal. Civ. Proc. Code § 1032(b).  The California Labor Code, however, creates an exception for claims of unpaid overtime.  Cal. Lab. Code § 1194.  The California Supreme Court has interpreted section 1194 to allow a prevailing *employee*, but not a prevailing *employer*, to recover costs in such a suit.  *Kirby v. Immoos Fire Protection, Inc.*, 53 Cal. 4th 1244, 1251 (2012).

Claims for denied meal and rest breaks do not fall within this exception, because they are not claims for unpaid overtime compensation.  *Id.* at 1248.  Therefore California law does not prohibit employers from recovering costs when they prevail on claims for denied meal and rest breaks.

In summary, under California law, a prevailing employer may recover costs on a claim for denied meal and rest breaks but not on a claim for unpaid overtime compensation.

### C.    Choice of Law

Rule 54, and not California law, applies to Defendant's motion for costs.  *Champion Produce,* 342 F.3d at 1022 ("[A]n award of standard costs in federal district court is normally governed by Federal Rule of Civil Procedure 54(d), even in diversity cases."); *see also In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987) ("As a general proposition, the award of costs is governed by federal law under Rule 54(d)."); *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1177 (10th Cir.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-1477 AHM (JCx) | Date | June 20, 2012 |
|---|---|---|---|
| Title | RAYMOND RAY V. WELLS FARGO BANK NA | | |

2000) (reasoning that Rule 54(d)(1) preempts conflicting state law); *Abrams v. Lightolier Inc.*, 50 F.3d 1204, 1223 (3d Cir. 1995) ("[W]here there is a valid applicable Federal Rule of Civil Procedure, it is to be applied by a federal court [sitting in diversity] even where the plaintiff's claim is based on state law . . . . Rule 54(d)(1) will thus trump a state cost-shifting provision with which it conflicts."); *Carter v. General Motors Corp.*, 983 F.2d 40, 43 (5th Cir. 1993); *Bosse v. Litton Unit Handling Sys.*, 646 F.2d 689, 695 (1st Cir. 1981). Accordingly, Rule 54 governs Defendant's motion.

## III. ANALYSIS

Rule 54 entitles Defendant to costs as a matter of course, unless a federal statute or court order provides otherwise. Because no federal statute or court order provides otherwise, Defendant is entitled to costs.

## IV. CONCLUSION

Based on the foregoing, the Court GRANTS Defendant's application for costs against Plaintiff in the amount of $7,085.45.

No hearing is necessary. Fed. R. Civ. P. 78; Local Rule 7-15.

_____ : _____
Initials of Preparer        SMO